UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEYMEL TECHNOLOGIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-3004** |
| **ZURICH NORTH AMERICA INSURANCE COMPANY, ET AL** | **SECTION "K"(4)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by the defendant, Zurich North America Insurance Company. (Rec. Doc. 12). Having reviewed the pleadings, memorandum, and relevant law, the Court GRANTS the defendant's Motion to Dismiss for the following reasons.

**I.   BACKGROUND**

In its complaint, plaintiff alleges the following facts. Plaintiff Keymel Technologies, LLC ("Keymel") entered into an employment contract on April 15, 2010 with defendants Benetech, LLC ("Benetech") and Aaron Bennett ("Bennett"), whereby Keymel would provide materials (sand, clay, limestone, concrete, and asphalt) to a project site owned by the United States Army Corps of Engineers. (Rec. Doc. 12, at 1; Rec. Doc. 1, at 2). Keymel provided materials as per the contract until March 3, 2011. (Rec. Doc. 1, at 3). Afterward, Keymel made demands seeking payment on the balance owed by defendants Benetech and Bennett, but Keymel did not receive the full amount requested in the demands. (Rec. Doc. 1, at 3). Keymel then filed suit to recover the unpaid amount from defendants Benetech, Bennett, and Zurich North America Insurance Company ("Zurich"), Benetech's surety. (Rec. Doc. 1, at 1-2).

Plaintiff Keymel initially brought an action in the Louisiana State Civil District Court for the Parish of Orleans on January 4, 2012. (Rec. Doc. 14, at 2). On July 20, 2012, the state court

1

granted Zurich's exception of lack of subject matter jurisdiction, dismissing the suit from state court.  On May 28, 2013, plaintiff Keymel filed the instant matter with this Court.  Plaintiff Keymel asserts its claim under the Miller Act, 40 U.S.C. § 3131 and alleges jurisdiction pursuant to 28 U.S.C. § 1332.  However, defendant Zurich in its motion to dismiss contends that the plaintiff failed to bring this action timely under 40 U.S.C. § 3133(b)(4), and, therefore, the suit should be dismissed.  Though defendant Zurich makes no mention of the applicable rule, the Court infers that the defendant intended its motion to dismiss to be asserted under Rule 12(b)(6) as its claim was not asserted in an answer as an affirmative defense.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted."  When considering a motion to dismiss under Rule 12(b)(6), district courts should construe the complaint liberally in favor of the plaintiff, assuming all factual allegations to be true and resolving any ambiguities and doubts in favor of the plaintiff.  *Fernandez-Montes v. Allied Pilots Ass'n*., 987 F.2d 278, 284 (5th Cir.1993); *see Leleux v. United States*, 178 F.3d 750, 754 (5th Cir.1999).  A complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (quoting *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir.1997)); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir.1994); *Fernandez-Montes*, 987 F.2d at 284-85.  Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Fernandez-Montes*, 987 F.2d at 284; *Tuchman v. DSC Communications Corp*., 14 F.3d 1061, 1067 (5th Cir.1994).  However, if factual allegations show the running of a statute of limitations, it "may support dismissal under Rule 12(b)(6) where

it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

### III.     ANALYSIS

The Miller Act, 40 U.S.C. § 3131 *et seq.*, requires a contractor on a project involving any public building or public work of the Federal Government to post a performance bond, for the protection of the Government, and a payment bond "for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." 40 U.S.C. § 3131(a) & (b). Thus, "[a]ny person who has supplied labor or material on the project may bring a civil action on the payment bond against the contractor." *U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Industries, Inc.*, 720 F.3d 1174 (9th Cir. 2013); 40 U.S.C. § 3133(b)(4). However, the Miller Act provides a limitation on this right: "An action brought under this subsection must be brought no later than *one year after the day on which the last of the labor was performed or material was supplied* by the person bringing the action." 40 U.S.C. § 3133(b)(4) (emphasis added).

Defendant Zurich contends that plaintiff Keymel did not file suit timely under the Miller Act's statute of limitations. Both parties agree that March 3, 2011 was the day on which the last of the labor was performed. (Rec. Doc. 1, at 3; Rec. Doc. 12, at 2). Because the plaintiff delivered no materials after March 3, 2011, and the Complaint was filed nearly two and a half years after that date on May 28, 2013, defendant Zurich asserts that the suit should be dismissed. (Rec. Doc. 12, at 2-3).

Plaintiff Keymel contends, however, that the action is not time-barred. Keymel notes that it filed its action in Louisiana state court within the one-year prescriptive period under Louisiana

law, commencing on March 3, 2011, the date work was last performed.  (Rec. Doc. 14, at 2).  It contends that the prescriptive period was interrupted under Louisiana state law due to the filing of suit in state court, and thus the one-year prescriptive period commenced again running from July 20, 2012.  (Rec. Doc. 14, at 2-3; *see* La. Civ. Code Art. 3463, 3466).  Because the suit was filed within that one year period expiring July 20, 2013, plaintiff asserts that the action is timely.  (Rec. Doc. 14, at 2).  Moreover, the plaintiff contends that it waited until March 28, 2013 to file the suit in the United States Eastern District Court for the Eastern District of Louisiana, as plaintiff believed "in good faith" that the Orleans Parish court would transfer the suit to the Eastern District Court of Louisiana pursuant to the state court's Order stating: "IT IS FURTHER ORDERED that Plaintiff's lawsuit be transferred to the U.S. District Court for the Eastern District of Louisiana at Plaintiff's cost."  (Rec. Doc. 14, at 3).  Only when plaintiff realized that the Civil District Court Clerk for the Parish of Orleans could not transfer the suit did plaintiff file its Complaint with this Court.  (Rec. Doc. 14, at 3).

  By its terms, the Miller Act's statute of limitations period is clear: actions that are brought later than one year after the last day on which the last of the labor was performed or material was supplied are barred.  Keymel does not contest that March 3, 2011 was the day on which the last of performance under the contract nor does it contest the fact that it filed suit in this Court on May 28, 2013.  Applied strictly, the Miller Act's statute of limitations bars the instant action.

  Moreover, Keymel's argument that Louisiana law has interrupted the running of the Miller Act statute of limitations is inapposite.  As the Fifth Circuit has stated, because "the rights created by the Miller Act are federal in nature and scope [,] federal law controls the computation

4

of the limitations period."  *U. S. For Use & Ben. of Harvey Gulf Int'l Marine, Inc. v. Maryland Cas. Co.,* 573 F.2d 245, 247 (5th Cir. 1978).

The Fifth Circuit has interpreted the Miller Act's statute of limitation to be "jurisdictional."  *See, e.g., Maryland Cas. Co.*, 573 F.2d at 247; *U.S. For Use & Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 164 (5th Cir. 1990).  However, the Fifth Circuit in *United States v. Fidelity & Deposit Co. of Maryland* clarified that "to the extent that the word 'jurisdictional' is used in those [earlier] cases, it refers to the conditional nature of the right to sue, not to the jurisdiction of the court itself."  813 F.2d 697, 699 (5th Cir. 1987); *see U.S. For Use & Benefit of Bernard Lumber Co., Inc. v. Lanier-Gervais Corp.*, 896 F.2d 162, 164 (5th Cir. 1990) (noting that the term jurisdictional as applied to the Miller Act statute of limitations was a misnomer).  Indeed, it is clear that the Fifth Circuit and other courts consider the Miller Act statute of limitations to be "limitational" or a "claim-processing rule," that promotes orderly progress of litigation by requiring certain procedural steps at certain times, rather than a jurisdictional rule.  *U.S. for Use of Am. Bank v.C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 257 (5th Cir. 1991) ("The one-year period in the Miller Act is limitational, not jurisdictional."); *accord Pre Con Industries, Inc.*, 720 F.3d at 1176-77 ("A proper analysis of the Miller Act's statute of limitations makes clear that it is a claim-processing rule, not a jurisdictional requirement.").  As such, the statute of limitations may be subject to modification under equitable estoppel or equitable tolling.  *See Rhodes v. Guiberson Oil Tools Div.,* 927 F.2d 876, 878 (5th Cir. 1991); *Fid. & Deposit Co. of Maryland* 813 F.2d 697, 700 (5th Cir. 1987).

Generally, the doctrine of equitable estoppel applies to "any conduct, express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. It is grounded . . . on the objective impression created by the actor's conduct." *Morgan v. Thomas*, 448 F.2d 1356, 1365 (5th Cir.1971) (quoting *Matsuo Yoshida v. Liberty Mut. Ins. Co.*, 240 F.2d 824, 829–30 (9th Cir.1957)). The Fifth Circuit considers "equitable estoppel" separately from "equitable tolling" by focusing on the specific actor:

> Several courts, including the Supreme Court in *Irwin,* have used the terms "equitable tolling" and "equitable estoppel" interchangeably. This Circuit, however, has joined several others in distinguishing between the two doctrines. In *Rhodes,* we explained this distinction by noting that equitable tolling focuses on the plaintiff's excusable ignorance of the facts underlying the suit, while equitable estoppel focuses on the defendant's misrepresentation of concealment of the facts underlying the suit. The instant case, which involves plaintiffs being lulled into not filing suit by the RTC's false statements, involves equitable estoppel, not equitable tolling.

*McAllister v. F.D.I.C.,* 87 F.3d 762, 767, n.4 (5th Cir. 1996) (citations omitted). The Fifth Circuit addressed the issue of whether a state court filing during the one-year period after work was performed would toll the Miller Act statute of limitations and in *Maryland Cas. Co* suggested that because the rights under the Miller Act are federal in nature, "[i]n principle . . . the filing of a suit in a non-federal jurisdiction does not toll the statute." 573 F.2d at 247. Whether filing a suit in state court may equitably estop the defense from relying on the statute of limitations defense against a Miller Act plaintiff who files first in state court appears, however, to remain an open question in the Fifth Circuit. *See U.S. ex rel. United Rentals, Inc. v. Hartford Fire Ins. Co.*, 339 F.Supp.2d 799 (2004).

Though Plaintiff Keymel has not argued for an equitable extension of the statute of limitations, the Court notes that, under the facts alleged in plaintiff's Complaint, the circumstances do not appear to warrant equitable estoppel or tolling. The doctrines of equitable

6

estoppel and equitable tolling are discretionary and turn upon the facts and circumstances of the particular case.  *See Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999).  No facts indicate that the defendant attempted to actively mislead or prevent the plaintiff from bringing the cause of action.  Further, while the plaintiff's failure to file suit in federal court before the one-year limitation might be due to an error in "good faith," the Supreme Court has found that that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010) (internal quotations and citations omitted).  Though it is regrettable that the action could have been filed in federal court during the one-year time period, no facts allude to any lack of knowledge or means of acquiring knowledge that the Miller Act applied in this case.  Given the absence of facts warranting equitable extension, an equitable remedy would not be warranted.  Without deciding whether the Court must consider and apply these equitable considerations, the Court notes that even if relief was requested it may refuse "to exercise its equitable discretion to toll."  *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).

## IV.  CONCLUSION

In sum, the plaintiff's claims have been barred by the running of the statute of limitations under the Miller Act.  Accordingly,

**IT IS ORDERED** that the defendant Zurich's Motion to Dismiss (Rec. Doc. 12) is hereby **GRANTED**  and plaintiff Keymel's Miller Act claim is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this  30th   day of       December         , 2013.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**